# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

JOSEPHUS ANDERSON,

        Defendant-Appellant.

UNPUBLISHED
December 8, 2015

No. 323587
Jackson Circuit Court
LC No. 13-005118-FC

Before: SHAPIRO, P.J., and O'CONNELL and WILDER, JJ.

PER CURIAM.

Defendant, Josephus Anderson, appeals as of right his convictions, following a jury trial, of first-degree home invasion, MCL 750.110a(2), assault with intent to rob while armed, MCL 750.89, resisting and obstructing a police officer, MCL 750.81d(1), and two counts of possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b  The trial court sentenced defendant to serve concurrent terms of 51 months' to 20 years' imprisonment for his home invasion conviction, 81 months' to 15 years' imprisonment for his assault conviction, 330 days' imprisonment for resisting and obstructing, and a consecutive term of 24 months' imprisonment for each felony-firearm conviction.  We affirm defendant's convictions but remand his sentence for a *Crosby*[1] hearing and for corrections to defendant's presentence investigation report and judgment of sentence.

## I. BACKGROUND FACTS

Shavane Baltimore testified that at around 4:52 p.m. on October 12, 2013, a man broke into her home.  According to Baltimore's neighbor, Laura Linden, at around 4:50 p.m. she saw a tan- or gold-colored car pull up to Baltimore's house.  A man left the passenger side of the car and walked toward Baltimore's house.  He was wearing a large coat, which she thought was odd because the weather was warm.  The car did not have a license plate.

According to Baltimore, she was resting after a surgery.  When she heard a loud noise, she went downstairs.  A man pointed a long-barreled rifle at her and asked her where her money

---

[1] *United States v Crosby*, 397 F3d 103 (CA 2, 2005).

-1-

was. He was wearing a black winter hat and a tan jacket. She told him that she did not have any money. When he walked toward the back of the house, she fled to a neighbor's home and called the police.

Linden testified that she saw Baltimore run out of her home. The man she had previously seen left the home and walked back to the car, carrying something under his arm. She had not seen the man carry anything into the house, but she had a better view of him when he was leaving and probably would not have seen if he was holding anything when he entered. Baltimore testified that she was not missing any property.

Jackson County Sheriff Deputy Jeremy Barnett testified that he was patrolling when he heard a dispatch describing a car involved in a home invasion. According to Deputy Barnett, he saw a car matching the dispatcher's description and decided to initiate a traffic stop. After he maneuvered to get behind the vehicle, it accelerated and he turned on his patrol vehicle's lights. The car attempted to elude him by making two quick turns. It stopped, and the passenger ran away from the vehicle. Barnett approached the car and saw that defendant was the driver. He yelled for defendant to get out of the vehicle, but defendant drove away.

After another chase, Deputy Barnett and Jackson Police Officer Bradley Elston stopped the car. Deputy Barnett saw defendant leave the vehicle with a long-barreled rifle. He chased defendant on foot behind a house and briefly lost sight of him. Deputy Barnett found defendant and Officer Elston arrested him. Deputy Barnett also found a rifle behind the house a few feet from defendant. An officer who searched the car testified that he found bullets in the car that were the same brand as the bullets in the rifle. He also used the car's VIN number to determine its owner, Rhonda Faye Anderson, who lived at the same address as defendant.

## II. SUFFICIENCY OF THE EVIDENCE

Defendant contends that the evidence was insufficient to support his home invasion, assault, and felony-firearm convictions under an aiding and abetting theory because there was no evidence that he intended his accomplice to commit a crime. We disagree.

A claim that the evidence was insufficient to convict a defendant invokes that defendant's constitutional right to due process of law. *People v Wolfe*, 440 Mich 508, 514; 489 NW2d 748 (1992); *In re Winship*, 397 US 358, 364; 90 S Ct 1068; 25 L Ed 2d 368 (1970). This Court reviews de novo a defendant's claim that the evidence was insufficient to support his or her conviction. *People v Harverson*, 291 Mich App 171, 177; 804 NW2d 757 (2010). We review the evidence in a light most favorable to the prosecution to determine whether any rational trier of fact could have found that the prosecution proved the essential elements of the crimes beyond a reasonable doubt. *Wolfe*, 440 Mich at 514. Circumstantial evidence and reasonable inferences from the evidence may be sufficient to support a defendant's conviction, particularly regarding questions of a defendant's state of mind, knowledge, or intent. *People v Kanaan*, 278 Mich App 594, 622; 751 NW2d 57 (2008).

To establish that a defendant is guilty under an aiding and abetting theory, the prosecution must prove that

(1) the crime charged was committed by the defendant or some other person, (2) the defendant performed acts or gave encouragement that assisted the commission of the crime, and (3) the defendant intended the commission of the crime or had knowledge that the principal intended its commission at the time he gave aid and encouragement. *People v Carines*, 460 Mich 750, 768; 597 NW2d 130 (1999) (quotation marks and citation omitted).

The defendant's intent under an aiding and abetting theory must be the same as "that necessary to be convicted of the crime as a principal." *People v Kelly*, 423 Mich 261, 278; 378 NW2d 365 (1985).

The crux of defendant's argument is that he was merely present when his accomplice entered Baltimore's home. He relies heavily on Linden's testimony that she did not see whether the accomplice was carrying anything when he entered the home. However, Linden also testified that she was in a better position to see him when he exited the home than when he entered, and she could not definitively state that he did not carry anything into the home. Viewed in the light most favorable to the prosecution, Linden's testimony did not establish that defendant's accomplice was not carrying a gun when defendant dropped him off at Baltimore's home.

Additional evidence supported the jury's verdict. Defendant drove the accomplice to Baltimore's home. He was driving a borrowed car without a license plate. He waited in the car while his accomplice entered the home. When officers attempted to stop his car, defendant accelerated and tried to elude the police vehicle by making sharp turns. He stopped, and his accomplice left the car before he drove off again, continuing the car chase. After officers stopped defendant, he left his car and attempted to hide the rifle used in the home invasion.

While any single fact taken alone might not support a finding regarding defendant's intent, when taken together, a reasonable person could infer that defendant knew that his accomplice intended to commit the crime. We conclude that sufficient evidence supported defendant's convictions under an aiding and abetting theory.

## III. SENTENCING

Regarding defendant's sentencing challenges, the prosecution concedes that the trial court erroneously assessed 10 points for Offense Variable (OV) 2 when it should have assessed 5 points and erroneously assessed points for OV 9 when it should have assessed at 0 points. It also concedes that defendant's *Alleyne*[2] challenge has merit and that, because judicially found facts altered defendant's guidelines range, he is entitled to a *Crosby* hearing. Finally, the prosecution concedes that the trial court must correct defendant's judgment of sentence, which erroneously indicates that one of defendant's felony-firearm convictions was predicated on his fleeing and eluding conviction when these convictions were predicated on his home invasion and assault convictions, respectively.

---

[2] *Alleyne v United States*, ___ US ___; 133 S Ct 2151; 186 L Ed 2d 314 (2013).

We affirm defendant's convictions, but we remand for correction of defendant's presentence investigation report and judgment of sentence and for the trial court to determine whether it would have imposed a materially difference sentence under the sentencing procedure described in *People v Lockridge*, 498 Mich 358; ___ NW2d ___ (2015).[3] We do not retain jurisdiction.

/s/ Douglas B. Shapiro
/s/ Peter D. O'Connell
/s/ Kurtis T. Wilder

---

[3] If the trial court determines that it would have imposed the same sentence absent the unconstitutional constraint on its discretion, it may reaffirm the original sentence. If it determines that it would not have imposed the same sentence, it may resentence defendant. *Lockridge*, 498 Mich at 399.